

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                    Criminal No. 3:09cr293

KENNETH B. TRENT

**MEMORANDUM OPINION**

Kenneth B. Trent, a federal inmate proceeding pro se, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion"). (Docket No. 43.) Trent demands relief upon the following grounds:

> Claim 1   Denial of effective assistance of counsel:
>
>> [(a)] Defense counsel knowingly fail[ed] to object to inaccurate information concerning [Trent's] prior conviction contained in the Pre-sentence Report; [(b)] counsel fail[ed] to object to the miscalculation regarding Petitioner's murder conviction; [(c)] counsel fail[ed] to object to the specific characteristic enhancement contained in the Pre-sentence Report; [(d)] counsel fail[ed] to appropriately inform petitioner of the legal ramification of his guilty plea; [(e)] counsel fail[ed] to object to Government's breach of [the] Plea Agreement; [(f)] counsel knowingly fail[ed] to file the notice of appeal concerning Petitioner.
>
> (§ 2255 Mot. 5.)[1]
>
> Claim 2   "The District Court erroneously concluded Petitioner's 2002 murder conviction counted as a predicate offense for career offender." (Id. at 6.)

---

[1] The Court has corrected the capitalization in the quotations to Trent's submissions.

Claim 3   "The District Court abused its discretion [by] sentencing Petitioner as a career offender under U.S.S.G.; Sections 4B1.1; 4A1.2" (Id. at 8.)

The Government filed its response. Trent has replied. For the reasons that follow, the § 2255 Motion will be granted with respect to Claim 1(f).

## I. PROCEDURAL HISTORY

On September 1, 2009, a grand jury charged Trent with: conspiracy to distribute and possess with intent to distribute fifty (50) grams or more of cocaine base, commonly known as crack (Count One); possession with intent to distribute five (5) grams or more of cocaine base and possession with intent to distribute a detectable amount of heroin (Count Two); possession of a firearm in furtherance of a drug trafficking crime (Count Three); and possession of a firearm by a convicted felon (Count Four). On December 23, 2009, pursuant to a plea agreement, Trent pled guilty to Counts Two and Three. (Plea Agreement ¶ 1.) In exchange for Trent's guilty plea, the Government agreed, inter alia, to dismiss Counts One and Four. (Id. ¶ 10.)

Trent acknowledged that he faced a sentence of between five and forty years of imprisonment on Count Two and five years to life imprisonment on Count Three. (Id. ¶ 1.) Trent further acknowledged that the sentence on Count Three would run

2

consecutive to the sentence on Count Two. (Id.) Trent also conceded that the Court could sentence him up to the statutory maximum for both Counts Two and Three and that he waived his right to appeal any sentence within the statutory maximum. (Plea Hr'g Dec. 23, 2009 2:18:48-2:19:14.)[2]

On May 25, 2010, the Court conducted Trent's sentencing hearing. The Court concluded Trent should be designated a career offender, resulting in a corresponding sentencing range of 262 to 327 months of imprisonment for Counts Two and Three. (Presentence Report Worksheet D 1.) The Court sentenced Trent to 202 months of imprisonment on Count Two, to be followed by 60 months of imprisonment of Count Three. Trent did not appeal.

## II. INEFFECTIVE ASSISSTANCE OF COUNSEL

In Claim 1(f), Trent asserts that counsel failed to file a notice of appeal as directed. "[A] criminal defense attorney's failure to file a notice of appeal when requested by his client deprives the defendant of his Sixth Amendment right to the assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probability of success." United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993). Thus, to prevail on an ineffective assistance claim for failing to note

---

[2] The citation to the plea hearing refers to the Court's digital audio file of that proceeding.

an appeal, a defendant need not "demonstrate that his hypothetical appeal might have had merit," but rather only that "but for counsel's deficient conduct, he would have appealed." Roe v. Flores-Ortega, 528 U.S. 470, 486 (2000). This remains true even if the defendant has waived his right to appeal. United States v. Poindexter, 492 F.3d 263, 273 (4th Cir. 2007).

John W. Luxton, Trent's counsel, acknowledges, "Trent did ask counsel to file an appeal after his sentencing. Counsel did not do so because Trent had waived his right to appeal in the Plea Agreement." (Gov't's Resp. Luxton Aff. ¶ 5.) The Government "concedes that counsel was ineffective for not filing the Notice of Appeal." (Gov't's Resp. 13.) The Government correctly notes that the appropriate remedy requires the Court to "vacate Trent's judgment of conviction and enter a new judgment and sentencing order from which an appeal can be taken." (Id. (citing Peak, 992 F.2d at 42).) Additionally, the United States Court of Appeals for the Fourth Circuit has instructed that when a court grants relief on a § 2255 litigant's claim that counsel failed to file a direct appeal, the court should dismiss the remaining claims in the § 2255 motion without prejudice. See United States v. Sakyi, 422 F. App'x 250, 251 (4th Cir. 2011).

## III. CONCLUSION

Trent's § 2255 Motion (Docket No. 43) will be granted with respect to Claim 1(f). The remaining claims in the § 2255 Motion and the action will be dismissed without prejudice. The Judgment in a Criminal Case entered on May 26, 2010 will be vacated. An identical Judgment in a Criminal Case shall issue contemporaneously with the entry of this Memorandum Opinion and Order so that Trent can pursue a belated direct appeal. Trent's Motion for the Appointment of Counsel (Docket No. 60) will be granted solely with respect to assisting Trent in the decision to file a notice of appeal.

Trent is advised of the following rights associated with an appeal of a judgment in a criminal case:

1. Unless a notice of appeal is filed (i) within fourteen (14) days after entry of the reimposed judgment or (ii) within fourteen (14) days after the filing of a timely notice of appeal by the Government, if the Government files an appeal, the right to file a notice of appeal is waived.

2. Trent is advised that he is entitled to the assistance of counsel in taking an appeal. If Trent is unable to afford a lawyer, one will be appointed.

3. At this juncture, the Federal Public Defender will be appointed only to assist Trent in deciding whether to file an

appeal. The Federal Public Defender is directed to contact Trent to ascertain whether he wishes to file an appeal and file an appeal if Trent wishes to file an appeal.

The Clerk is directed to send a copy of the Memorandum Opinion to Trent, counsel for the United States, and the Federal Public Defender.

And it is so ORDERED.

/s/ REP

Robert E. Payne
Senior United States District Judge

Date: October 2, 2012
Richmond, Virginia